1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

GILBERT OSUNA,                                    )   Case No. LA CV 14-7178 PA (JCG)
                                                  )
12          Plaintiff,                            )
                                                  )   **ORDER ACCEPTING REPORT AND**
13                                                )   **RECOMMENDATION OF UNITED**
        v.                                        )   **STATES MAGISTRATE JUDGE**
14   DEPUTY HALEY,                                )
                                                  )
15          Defendant.                            )
                                                  )
16   _____        )

17

18          Pursuant to 28 U.S.C. § 636, the Court has reviewed the Second Amended

19   Complaint ("SAC"), the Magistrate Judge's Report and Recommendation, Plaintiff's

20   Objections to the Report and Recommendation, and the remaining record, and has

21   made a *de novo* determination.

22          Plaintiff's Objections generally reiterate the allegations set forth in the SAC, and

23   the arguments made in his Opposition to Defendant's Motion for Judgment on the

24   Pleadings.  There is one issue, however, that warrants brief amplification here.

25          In his Objections, Plaintiff contends that he "was place[d] in a tank [where he]

26   was maliciously beaten by 3 inmates because of Deputy Haley's classification" of

27   Plaintiff as a "general population" inmate.  (Objections at 2.)  According to Plaintiff,

28   even if Defendant had no knowledge of the specific danger posed by the three inmates

1 | in the "tank," Defendant knew that Plaintiff faced a "general danger" from "any

2 | prisoner in [the] general population." (*Id.*)

3 | Plaintiff's objection is unavailing. As a rule, to state a claim for "deliberate

4 | indifference" against a prison official, an inmate must allege that "the official [knew]

5 | of and disregard[ed] an excessive risk" to the inmate's safety. *Farmer v. Brennan*, 511

6 | U.S. 825, 837 (1994). According to the SAC, Defendant classified Plaintiff as a

7 | "general population" inmate, but also knew that Plaintiff had avoided placement

8 | among the jail's "general population" by simply refusing to go. [Dkt. No. 13 at 4, 6.]

9 | Instead, Plaintiff was placed in the "hole." [*Id.* at 6.] Thus, even if one credits

10 | Plaintiff's apparent assumption that his assailants were, in fact, "general population"

11 | inmates, Plaintiff fails to allege that Defendant knew – or, indeed, had any reason to

12 | believe – that Plaintiff would physically be placed, however temporarily, among such

13 | inmates. (*See generally* SAC.)

14 | As such, Plaintiff fails to allege that Defendant knew of, but disregarded, an

15 | excessive risk to Plaintiff's safety. *See Farmer*, 511 U.S. at 837.

16 | Thus, Plaintiff's Eighth Amendment claim must be dismissed. *See id.*

17 | Accordingly, IT IS ORDERED THAT:

18 | 1.  The Report and Recommendation is approved and accepted;

19 | 2.  Judgment be entered dismissing this action with prejudice; and

20 | 3.  The Clerk serve copies of this Order and the Judgment on the parties.

21 |

22 | DATED: December 22, 2015 _____

23 | HON. PERCY ANDERSON
UNITED STATES DISTRICT JUDGE

24 |

25 |

26 |

27 |

28 |

2